■ JODY SANTIAGO, Respondent, v PYRAMID CROSSGATES COMPANY et al., Appellants. [742 NYS2d 448] —Crew III, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered November 14, 2001 in Albany County, which, inter alia, denied defendant Pyramid Crossgates Company's motion for summary judgment dismissing the complaint against it.

Defendant Pyramid Crossgates Company (hereinafter Pyra-

mid) is the owner of a shopping center known as Crossgates Mall, which contains, inter alia, 12 movie theaters leased to and operated by defendants Hoyt Cinema Corporation, Crossgates Cinemas, Inc., Cinema Centers Corporation and Hoyt Cinema Corporation (New York) (hereinafter collectively referred to as Hoyts). On February 19, 1994, plaintiff was seated in movie theater No. 3 when a saturated eight-square-foot ceiling tile fell on her causing severe injuries. Plaintiff thereafter commenced a personal injury action against defendants seeking compensatory damages and subsequently commenced a separate action against defendants seeking, inter alia, punitive damages. After issue was joined in the second action, Pyramid and Hoyts moved to dismiss plaintiff's punitive damages claim, which motions were denied. Thereafter, following discovery, Pyramid moved for summary judgment seeking dismissal of the entire complaint or, in the alternative, for partial summary judgment dismissing the claim for punitive damages. Hoyts, in turn, moved for partial summary judgment dismissing plaintiff's claim for punitive damages. Supreme Court denied both motions, prompting this appeal.

Initially, we reject plaintiff's claim that denial of defendants' initial motion to dismiss is a bar to the present appeal on the basis of either res judicata or law of the case. The initial motion was directed to the sufficiency of the complaint, which is distinctly different from the subsequent motion for summary judgment and, therefore, the former will not preclude the latter (*see, State of New York v Barclays Bank of N.Y.*, 151 AD2d 19, 21, *affd* 76 NY2d 533). Indeed, in its decision denying the first motion, Supreme Court (Hughes, J.) observed that "[d]efendants' arguments that the evidence does not support punitive damages may be raised in a summary judgment motion * * * but they are not appropriate [on this] motion to dismiss."

Equally unavailing is plaintiff's contention that Pyramid's motion for summary judgment was properly denied on the basis of the doctrine of res ipsa loquitur. A review of the terms of the underlying lease reveals that both Pyramid and Hoyts had duties and obligations with regard to the maintenance and repair of the leased premises and, as such, Pyramid did not have the exclusive control necessary to invoke the doctrine (*see, Pulley v McNeal*, 240 AD2d 913, 914).

Turning to the merits, Pyramid contends that Supreme Court erred in determining that there were triable issues of fact concerning Pyramid's actual or constructive notice of the allegedly dangerous condition. We disagree. With regard to actual

notice, while representatives of Pyramid denied being notified of a leak in theater No. 3, Matthew Ochsner, general manager of Crossgates Mall Cinemas, testified that he observed the leak in question sometime prior to the day of the accident and, while he did not recall reporting the leak to Pyramid security, he assumes that he did so as that was his practice. Additionally, Thomas Harrigan, an assistant vice president of Hoyts, testified that Pyramid had been informed of other ceiling leaks in the theaters leased by Hoyts, and he thought that the leak in question also had been reported. Moreover, Pyramid's accident report refers to the offending leak as a "prior leak." As such, a triable question of fact exists as to whether Pyramid had actual notice of the condition.

We find further that Supreme Court correctly concluded that an issue of fact existed as to Pyramid's constructive notice of the subject leak. The issue, of course, is whether the ceiling leak was visible and apparent and existed for a sufficient length of time prior to the accident to permit Pyramid's employees to discover and remedy it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). In this regard, the record reveals that in January 1994, the Albany area received 42 inches of snowfall and, between February 8, 1994 and February 9, 1994, the area received an additional six to seven inches. As an apparent consequence of the heavy snow accumulation on the mall roof, numerous leaks were reported by tenants to Pyramid during the three-week period prior to the accident in question. The record also reveals that the metal decking underneath the roof acted as a gutter for roof leaks permitting water to travel, and resulting in ceiling damage far removed from the actual leak. Additionally, the record reflects that Pyramid had the right to inspect theater No. 3, but failed to do so in spite of numerous complaints of leaks throughout the complex shortly before plaintiff's accident. Finally, the record indicates that Pyramid made a practice of shoveling the mall roof following any heavy snowfall, but did not shovel the roof over theater No. 3 until after plaintiff's accident, revealing a three-foot-wide opening in the seam of the roof above the area where the tile had fallen.

With regard to Pyramid's motion seeking dismissal of plaintiff's claim for punitive damages, it is clear that for such claim to be viable, it must appear that Pyramid's conduct was so reckless or wanton as to amount to a conscious disregard for the safety of its patrons (*see, Rekemeyer v Cerone*, 252 AD2d 22, 26). In this regard, we note that in addition to the foregoing evidence regarding constructive notice, the record reveals

that over a two to three-year period, the mall roof had leaked periodically, as a result of which patrons had been struck by falling ceiling tiles and, more particularly, at least two customers of the theater complex previously had been struck. In our view, given such prior knowledge, a jury is entitled to determine whether Pyramid's failure to discover and remedy the instant condition constituted such reckless or wanton conduct as to merit an award of punitive damages.

We reach a different conclusion with regard to Hoyts' motion for partial summary judgment. The record makes plain that upon discovering the leak in question, Hoyts' general manager immediately cordoned off the area so that patrons could not be seated below the leaking ceiling. While there may remain a question of fact as to whether such conduct was sufficient to relieve Hoyts of negligence, such conduct belies a reckless disregard for Hoyts' patrons. Inasmuch as that evidence has not been contradicted by plaintiff, Hoyts' motion for summary judgment dismissing plaintiff's claim for punitive damages should have been granted.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied a motion by defendants Hoyt Cinema Corporation, Crossgates Cinemas, Inc., Cinema Centers Corporation and Hoyt Cinema Corporation (New York) for partial summary judgment seeking dismissal of plaintiff's claim for punitive damages; motion granted and said claim dismissed against said defendants; and, as so modified, affirmed.