In an action to recover damages for personal injuries, etc. the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated May 7, 2007, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs to the defendants third-party plaintiffs-respondents.
The injured plaintiff, an employee at Loews Palisades Center Cinemas, Inc., allegedly was injured on July 23, 2004 when a leak caused a ceiling tile in auditorium No. 3 to fall, striking him in the head. The plaintiffs commenced this action against the defendants, Eklecco, LLC, and Pyramid Management Group, Inc., alleging, inter alia, that they negligently maintained the theater.
In general, to impose liability for an injury caused by a ceiling collapsing “because of a leak, a plaintiff must show that the defendant had prior notice, actual or constructive, of the leak and that the leak was never repaired” (Figueroa v Goetz, 5 AD3d 164, 165 [2004]; see Santiago v Pyramid Crossgates Co., 294 AD2d 789, 791 [2002]).
The defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that mall *518 security was not notified of a leak inside auditorium No. 3 prior to the injured plaintiffs accident, and by submitting incident reports for a period of one year preceding July 23, 2004, which revealed that there were no prior complaints of a leak in auditorium No. 3 (see generally Papazian v New York City Tr. Auth., 293 AD2d 658 [2002]).
In opposition to the motion, the injured plaintiff failed to raise a triable issue of fact as to whether the leaks, which he observed in auditorium No. 3 on two prior occasions, were in the same location as the specific leak that caused his accident or that he or anyone else reported the alleged prior leaks to the defendants (see generally Erikson v J.I.B. Realty Corp., 12 AD3d 344, 345 [2004]). Additionally, the injured plaintiff failed to raise a triable issue of fact as to whether “the ceiling leak . . . existed for a sufficient length of time prior to the accident to permit” the defendants to remedy it (Santiago v Pyramid Crossgates Co., 294 AD2d at 791). Although the record indicates that the defendants were aware of other leaks in the building, a “general awareness” that leaks may be present is legally insufficient to constitute notice of the particular leak in auditorium No. 3 that caused the injured plaintiffs accident (Gordon v American Museum of Natural History, 67 NY2d 836, 838 [1986]). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Skelos, J.P., Ritter, Garni and Dickerson, JJ., concur.