■ CONSOLIDATED RESOURCES, LLC, Respondent, v 210-220-230 OWNER'S CORP., et al., Appellants. [873 NYS2d 694]—

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain shares of stock of the defendant 210-220-230 Owner's Corp., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 26, 2007, as denied that branch of their motion which was for summary judgment, and, sua sponte, imposed a sanction in the sum of $250 upon their counsel pursuant to 22 NYCRR 130-1.1, and (2) from an order of the same court entered December 12, 2007, which denied that branch of their motion which was for leave to reargue that branch of their prior motion which was for summary judgment, and, in effect, denied that branch of their motion which was to vacate the sanction imposed upon their counsel pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal from so much of the order entered September 26, 2007, as, sua sponte, imposed a sanction in the sum of $250 upon the defendants' counsel pursuant to 22 NYCRR 130-1.1, is dismissed; and it is further,

Ordered that the appeal from so much of the order entered December 12, 2007, as denied that branch of the defendants' motion which was for leave to reargue that branch of their motion which was for summary judgment is dismissed; and it is further,

Ordered that the order entered September 26, 2007, is reversed insofar as reviewed, on the law, that branch of the defendants' motion which was for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of certain shares of stock of the defendant 210-220-230 Owner's Corp., or the holder of the proprietary lease for the subject cooperative apartment, and that the defendants are not required to issue new stock certificates and a new proprietary lease to the plaintiff; and it is further,

Ordered that the order entered December 12, 2007, is reversed insofar as reviewed, on the law, the facts, and in the exercise of discretion, that branch of the defendants' motion which was to vacate the sanction imposed upon their counsel pursuant to 22 NYCRR 130-1.1 is granted, and so much of the order entered September 26, 2007, as, sua sponte, imposed a sanction upon the defendants' counsel is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendants.

No appeal lies as of right from that part of an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]; *see Mohler v Nardone,* 53 AD3d 600 [2008]), and leave to appeal has not been granted from that portion of the order entered September 26, 2007 (*see* CPLR 5701 [c]). Moreover, the defendants are not aggrieved by the portion of the order entered September 26, 2007, which, sua sponte, imposed a sanction in the sum of $250 upon their counsel pursuant to 22 NYCRR 130-1.1. Therefore, the appeal from that portion of the order entered September 26, 2007, must be dismissed.

The appeal from so much of the order entered December 12, 2007, as denied that branch of the defendants' motion which was for leave to reargue that branch of their motion which was for summary judgment also must be dismissed, as no appeal lies from the denial of reargument (*see Degliuomini v Degliuomini,* 45 AD3d 626, 627 [2007]).

That branch of the defendants' motion which was for summary judgment was not barred by the single motion rule, and the law of the case doctrine does not apply, as the defendants never previously moved for summary judgment (*see* CPLR 3211

[e]; *Ramos v City of New York,* 51 AD3d 753, 754 [2008]; *Santiago v Pyramid Crossgates Co.,* 294 AD2d 789, 790 [2002]; *Tapps of Nassau Supermarkets v Linden Blvd.,* 269 AD2d 306, 307 [2000]).

The determination of that branch of the defendants' motion which was for summary judgment is predicated upon whether a triable issue of fact exists regarding the validity of the challenged transaction. Whether the transaction was valid must be based on the interpretation of provisions of the controlling cooperative corporation documents, regardless of whether the shares of the subject cooperative apartment were "unsold shares" (*Kralik v 239 E. 79th St. Owners Corp.,* 5 NY3d 54, 59 [2005]). The relationship between the shareholder/lessee of a cooperative corporation and the corporation is determined by applying the usual rules of contract interpretation to the controlling documents, including the proprietary lease (*see Kralik v 239 E. 79th St. Owners Corp.,* 5 NY3d at 59; *Fe Bland v Two Trees Mgt. Co.,* 66 NY2d 556, 563 [1985]).

Paragraph 17 (a) of the proprietary lease of the subject cooperative apartment, which deals with pledges of the cooperative's shares and proprietary leases, provides that "neither the pledgee nor any transferee of the pledged security shall be entitled to have the shares [of the cooperative apartment] transferred of record on the books of the [cooperative corporation], nor to vote such shares, nor to occupy or permit the occupancy by others of the apartment," unless the consent of the cooperative corporation is obtained in accordance with paragraphs 14, 15, and 16 of the proprietary lease. Those provisions require either approval of the pledge or secured loan by the Board of Directors of the cooperative (hereinafter the Board) or approval by a vote of the holders or owners of 65% of the shares of the cooperative corporation.

Paragraph 38 of the offering plan of the subject cooperative, and paragraphs 38 (a) and (b) of the proprietary lease, provide that a "holder of Unsold Shares" may sublet the subject apartment and assign the proprietary lease without obtaining the approval of the Board or 65% of the holders of the shares of the cooperative, if that party did not purchase the apartment for personal occupancy or the occupancy of a member of his or her immediate family. However, neither paragraph 38 of the offering plan, nor paragraphs 38 (a) and (b) of the proprietary lease, contain an exception from the approval requirements with respect to pledges of or loans secured by the proprietary lease and shares of the cooperative corporation. The pertinent references to the term "unsold shares" contained in paragraph 17 of the

proprietary lease are embodied in paragraph 17 (b) (viii), which requires the cooperative corporation to enter into a "Recognition Agreement," but only "[u]pon [the] request of the purchaser of Unsold Shares," and paragraph 17 (b) (iii), regarding the rights of a secured party in the event of a defaulted loan secured by the proprietary lease and shares of the cooperative corporation. No request for a "Recognition Agreement" was made herein.

In this case, one of the original purchasers of the subject apartment pledged her proprietary lease and shares to the plaintiff as security for a loan, and then defaulted on the loan. She subsequently attempted to assign her lease and shares to the plaintiff. However, because the pledge violated the terms of paragraph 17 (a) of the proprietary lease, the plaintiff was not entitled to have the cooperative corporation issue a new proprietary lease and stock certificates to it and to have the shares of stock with respect to the apartment transferred to it on the books of the cooperative corporation, regardless of whether the original purchaser of the apartment was a holder of unsold shares. Thus, that branch of the defendants' motion which was for summary judgment should have been granted, because they submitted evidence which established their prima facie entitlement to judgment as a matter of law—paragraph 17 (a) of the proprietary lease—and in opposition, the plaintiff failed to raise a triable issue of fact controverting the applicability and force and effect of that provision.

The Supreme Court should have granted that branch of the defendants' motion which was to vacate the sanction imposed upon their counsel pursuant to 22 NYCRR 130-1.1.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the owner of certain shares of stock of the defendant 210-220-230 Owner's Corp., or the holder of the proprietary lease for the subject cooperative apartment, and that the defendants are not required to issue new stock certificates and a new proprietary lease to the plaintiff (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions have been rendered academic in light of our determination or are without merit. Mastro, J.P., Miller, Carni and McCarthy, JJ., concur.