■ Yeshiva Chasdei Torah et al., Respondents, v Dell Equity, LLC, et al., Appellants, et al., Defendants. [992 NYS2d 560]—

In an action to foreclose a mortgage, the defendants Dell Equity, LLC, and 1600 Street Holding, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 30, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them is granted.

The Supreme Court erred in denying that branch of the motion of the defendants Dell Equity, LLC, and 1600 Street Holding, LLC (hereinafter together the appellants), which was for summary judgment dismissing the complaint insofar as asserted against them. The appellants established their prima facie entitlement to judgment as a matter of law by submitting a release that was signed by the plaintiffs' representative, and notarized and recorded. The release unambiguously removed any lien on the subject property with respect to the mortgage held by the plaintiffs (*see Burnside 711 LLC v Amerada Hess Corp.*, 109 AD3d 860, 861 [2013]; *Matter of Jacker*, 105 AD3d 1048, 1048 [2013]; *Appel v Ford Motor Co.*, 111 AD2d 731, 732 [1985]; cf. *Marculescu v Ovanez*, 27 AD3d 701 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the validity or enforceability of the release. Their conclusory and unsubstantiated allegations were insufficient to defeat the subject branch of the appellants' motion (*see Votta v Votta Enters.*, 249 AD2d 536, 537 [1998]). Accordingly, the appellants were entitled to summary judgment (*see Capstone Bus. Credit, LLC v Imperia Family Realty, LLC*, 70 AD3d 882, 884 [2010]; *Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545 [2005]).

In view of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.