Mew Equity, LLC, et al., Respondents, v Sutton Land Services, LLC, Doing Business as Sutton Land Title, et al., Appellants, et al., Defendants. [42 NYS3d 175]—

Appeals from an order of the Supreme Court, Kings County

(Jack M. Battaglia, J.), dated November 1, 2013. The order, insofar as appealed from: (1) by the defendants Sutton Land Services, LLC, doing business as Sutton Land Title, Sutton Alliance, LLC, doing business as Sutton Land Title, Raizy Moskovits, and Martin Silverstein, denied their motion for summary judgment dismissing the complaint insofar as asserted against them or, alternatively, to disqualify the plaintiffs' counsel; (2) by the defendant Marcy Tower, LLC, denied its motion to dismiss the complaint insofar as asserted against it or, alternatively, for summary judgment, in effect, for a declaration in its favor, and for the imposition of sanctions; and (3) by the defendant JP Morgan Chase Bank National Association, denied its motion to dismiss the complaint insofar as asserted against it, or, alternatively, for summary judgment, in effect, for a declaration in its favor.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Sutton Land Services, LLC, doing business as Sutton Land Title, Sutton Alliance, LLC, doing business as Sutton Land Title, Raizy Moskovits, and Martin Silverstein which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of Marcy Tower, LLC, which was for summary judgment, in effect, for a declaration in its favor, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the motion of JP Morgan Chase Bank National Association which was for summary judgment, in effect, for a declaration in its favor, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.

In 2003, the plaintiffs Martin Wydra and Edward Wydra, through their business entity, the plaintiff Mew Equity, LLC (hereinafter collectively the Mew plaintiffs), entered into an agreement to loan $1.8 million to the defendants Mendel Brach and Moshe Roth. This loan was collateralized by a mortgage (hereinafter the 2003 Mew mortgage) spread over several properties purportedly owned by business entities owned or controlled by Brach and Roth (hereinafter the Brach/Roth enti-

ties), including 519 Marcy Avenue in Brooklyn. Although the loan closing occurred in August 2003, the 2003 Mew mortgage was not recorded until June 2005. When the 2003 Mew mortgage was recorded, it was not recorded against 519 Marcy Avenue. By deed recorded on June 13, 2005, the defendant Marcy Tower, LLC (hereinafter Marcy Tower), acquired 519 Marcy Avenue from the defendant 652 Park, LLC, a Brach/Roth entity. In 2006 and 2007, Marcy Tower granted three separate mortgages on 519 Marcy Avenue to Washington Mutual Bank, the predecessor in interest to the defendant JP Morgan Chase Bank National Association (hereinafter Chase). Those mortgages were recorded. The three mortgages on 519 Marcy Avenue were then consolidated into a single lien, which was recorded on November 29, 2007 (hereinafter the Chase mortgage).

In 2010, the Mew plaintiffs commenced this action alleging that Brach, Roth, and the Brach/Roth entities (hereinafter collectively the Brach/Roth defendants) fraudulently induced them to loan $1.8 million to the Brach/Roth defendants, secured by a mortgage on 519 Marcy Avenue, a property that those defendants did not own and, therefore, lacked the power to encumber. The Mew plaintiffs further alleged that the title companies involved in the transaction, the defendants Sutton Land Services, LLC, doing business as Sutton Land Title, and Sutton Alliance, LLC, doing business as Sutton Land Title, and the title companies' agents, the defendants Raizy Moskovits and Martin Silverstein (hereinafter collectively the Sutton defendants), participated in the fraud by deliberately delaying the recording of the 2003 Mew mortgage and then by intentionally failing to record it against 519 Marcy Avenue so as to permit Brach and Roth to obtain additional financing from other lenders, secured by mortgages on 519 Marcy Avenue. The Mew plaintiffs asserted causes of action against the Sutton defendants sounding in fraud. They also asserted a cause of action against Marcy Tower and Chase, seeking a declaration that the deed conveying 519 Marcy Avenue to Marcy Tower was invalid and a declaration that the 2003 Mew mortgage had priority over the Chase mortgage.

In an order dated February 14, 2012, the Supreme Court denied separate motions made by Chase and Marcy Tower pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them, and granted the Mew plaintiffs' motion for leave to file and serve a proposed amended complaint, a copy of which was submitted with their motion papers. The Mew plaintiffs, however, never filed the proposed amended complaint.

Subsequently, the Sutton defendants moved for summary judgment dismissing the complaint insofar as asserted against them, or alternatively, to disqualify the Mew plaintiffs' counsel. Marcy Tower moved pursuant to CPLR 3211 (a) (1) and (5) to dismiss the amended complaint insofar as asserted against it, or alternatively, pursuant to CPLR 3211 (c) for summary judgment, in effect, declaring that the deed conveying 519 Marcy Avenue to Marcy Tower was valid and that the 2003 Mew mortgage did not have priority over the Chase mortgage, and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the Mew plaintiffs and their counsel. Chase also moved pursuant to CPLR 3211 (a) (1) and (5) to dismiss the amended complaint insofar as asserted against it, or alternatively, pursuant to CPLR 3211 (c) for summary judgment, in effect, for the same declaration. The Supreme Court denied the motions on procedural grounds without reaching the merits.

The Supreme Court erred in denying that branch of the Sutton defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them due to their failure to provide all of the pleadings, as required by CPLR 3212 (b). In this regard, the Sutton defendants submitted the complaint and their answer, but did not submit the answers of the other defendants. The Mew plaintiffs, in opposition, did not contend that this branch of the Sutton defendants' motion should be denied due to the Sutton defendants' failure to fully comply with CPLR 3212 (b). Consequently, the court should not have raised the issue on the Mew plaintiffs' behalf (*see Midfirst Bank v Agho*, 121 AD3d 343, 352 [2014]; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 52 [2014]). Moreover, under the circumstances, the Sutton defendants' failure to submit the answers of the other defendants was a mere irregularity and, since no substantial right of any party was prejudiced, the court should have disregarded that defect and reached the merits of that branch of the Sutton defendants' motion (*see* CPLR 2001; *Lombardi v Lombardi*, 127 AD3d 1038, 1040 [2015]; *Long Is. Pine Barrens Socy., Inc. v County of Suffolk*, 122 AD3d 688, 691 [2014]; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]). As the merits of this branch of the Sutton defendants' motion were argued before the Supreme Court and to this Court in the appellate briefs, this Court will reach the merits of this branch of the motion in the interest of judicial economy (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d at 56; *Nisimova v Starbucks Corp.*, 108 AD3d 513, 514 [2013]).

The Sutton defendants established their prima facie entitle-

ment to judgment as a matter of law dismissing the complaint insofar as asserted against them, alleging fraud in failing to record the 2003 Mew mortgage against 519 Marcy Avenue, by submitting a notarized release signed by the plaintiff Martin Wydra, in his capacity as managing member of the plaintiff Mew Equity, LLC. The release expressly and unambiguously stated that, as of March 2, 2005, the property had been released from serving as collateral for the 2003 Mew mortgage (*see Yeshiva Chasdei Torah v Dell Equity, LLC*, 120 AD3d 1346, 1346 [2014]; *cf. Kaminsky v Gamache*, 298 AD2d 361, 361 [2002]).

In opposition, the Mew plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The conclusory and unsubstantiated claim that the release was subject to an oral agreement to hold it in escrow, which contradicts the plain terms of the release, is barred by the parol evidence rule (*see Solomon v Burden*, 104 AD3d 839, 840 [2013]; *Boster-Burton v Burton*, 73 AD3d 671, 673 [2010]; *M & T Mtge. Corp. v Ethridge*, 300 AD2d 286, 287 [2002]). The Mew plaintiffs' contention that summary judgment would be premature because disclosure was not complete is without merit, since they failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (*see Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 770 [2014]; *Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]; *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703, 704 [2012]). Accordingly, the Supreme Court should have granted that branch of the Sutton defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

With regard to Marcy Tower and Chase, the Supreme Court should have granted those branches of their separate motions which were for summary judgment, in effect, declaring that the deed conveying 519 Marcy Avenue to Marcy Tower was valid and that the 2003 Mew mortgage did not have priority over the Chase mortgage. The court denied their motions as "moot" to the extent they were directed at the amended complaint, which the court deemed a "legal nullity" since it was never filed. Additionally, the court denied the motions on the ground that Marcy Tower and Chase violated the single motion rule of CPLR 3211 (e), since they had previously moved for dismissal pursuant to CPLR 3211 (a). However, the court should have disregarded the error made by Marcy Tower and Chase in moving against the amended complaint instead of the

original complaint, since it did not affect the merits or prejudice a substantial right of the Mew plaintiffs (*see* CPLR 2001; *see generally Chin Tsun Yang v Sneh Prabha Shukla*, 138 AD3d 668, 669 [2016]; *Schultz v Estate of Sloan*, 20 AD3d 520, 520 [2005]). The court also failed to take into account that Marcy Tower and Chase moved for the alternative relief of having their motions treated as motions for summary judgment pursuant to CPLR 3211 (c). The single motion rule did not preclude their requests for summary judgment (*see Consolidated Resources, LLC v 210-220-230 Owner's Corp.*, 59 AD3d 579, 580 [2009]; *Tapps of Nassau Supermarkets v Linden Blvd.*, 269 AD2d 306, 307 [2000]). Contrary to the Mew plaintiffs' contentions, the court would not have been required to give notice pursuant to CPLR 3211 (c) that the motions would be converted into ones for summary judgment. In their respective motion papers, Marcy Tower and Chase expressly sought the alternative relief of having their motions treated as motions for summary judgment, and the Mew plaintiffs' opposition papers clearly demonstrated that they were aware that Marcy Tower and Chase were seeking summary judgment (*see Lombardi v Lombardi*, 127 AD3d 1038, 1039 [2015]; *Pistolese v William Floyd Union Free Dist.*, 69 AD3d 825, 826 [2010]).

As the merits of the motions of Marcy Tower and Chase were argued before the Supreme Court and to this Court in the appellate briefs, this Court will reach the merits of their motions in the interest of judicial economy (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d at 56; *Nisimova v Starbucks Corp.*, 108 AD3d at 514). In support of their motions, Marcy Tower and Chase submitted the release that discharged 519 Marcy Avenue from serving as collateral for the 2003 Mew mortgage as of March 2, 2005, and the deed conveying 519 Marcy Avenue to Marcy Tower that was recorded on June 13, 2005. It is undisputed that the Chase mortgage was recorded on November 29, 2007, whereas the 2003 Mew mortgage was never recorded against 519 Marcy Avenue. Consequently, Marcy Tower and Chase demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the Mew plaintiffs had relinquished any lien on or interest in 519 Marcy Avenue prior to Marcy Tower's acquisition of the property and the recording of the Chase mortgage (*see Yeshiva Chasdei Torah v Dell Equity, LLC*, 120 AD3d at 1346). In opposition, the Mew plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the court should have awarded summary judgment in favor of Marcy Tower and Chase declaring that the deed conveying 519 Marcy Avenue to Marcy Tower was

valid and that the 2003 Mew mortgage did not have priority over the Chase mortgage.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the deed conveying 519 Marcy Avenue to Marcy Tower was valid and that the 2003 Mew mortgage did not have priority over the Chase mortgage (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Leventhal, J.P., Roman, Cohen and LaSalle, JJ., concur.