■ In the Matter of DANIELLE MEIGHAN, Appellant, v JOSEPH PONTE et al., Respondents. [42 NYS3d 182]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction dated March 6, 2014, which terminated the petitioner's probationary employment as a New York City Correction Officer, the petitioner appeals from a judgment of the Supreme Court, Queens County (Taylor, J.), dated November 25, 2014, which, upon the respondents' motion to dismiss pursuant to CPLR 7804 (f) and 3211 (a) (7), denied the petition and dismissed the proceeding on the ground that she failed to file proof of service of the petition and notice of petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings to permit the appellant to file proof of service and, upon such filing, for a determination of the respondents' motion on the merits.

On April 26, 2012, Danielle Meighan (hereinafter the appel-

lant) was appointed as a New York City Correction Officer subject to a two-year probationary period. On March 6, 2014, during the probationary period, her employment was terminated. In June 2014, the appellant commenced this proceeding pursuant to CPLR article 78 to review the determination. In August 2014, the respondents moved pursuant to CPLR 7804 (f) and 3211 (a) (7) to dismiss the petition on the ground that it failed to state a cause of action. In the judgment appealed from, the Supreme Court, upon the respondents' motion, denied the petition and dismissed the proceeding on the ground that the appellant failed to file proof of service of the petition and notice of petition.

The Supreme Court erred in denying the petition and dismissing the proceeding on the ground that the appellant failed to file proof of service of the petition and notice of petition. "The failure to file proof of service is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2004" (*Khan v Hernandez*, 122 AD3d 802, 803 [2014]). Here, there is no dispute that the respondents were served with the notice of petition and petition, as they moved to dismiss on the ground that the petition failed to state a cause of action. At no time did they argue that the proceeding should be dismissed for failure to file proof of service. As such, the parties did not have an opportunity to address the purported failure to file proof of service, the ground upon which the Supreme Court relied in denying the petition and dismissing the proceeding, even though such defect is readily curable (*see* CPLR 2001, 2004). "The lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (*Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 54 [2014]). Therefore, the Supreme Court should have alerted the parties to the purported defect and afforded the appellant an opportunity to correct it, rather than denying the petition and dismissing the proceeding (*see id.* at 55). Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.