OPINION OF THE COURT
Genine D. Edwards, J.
*562 In this action for breach of contract, inter alia, defendant moves for summary judgment.
In May of 2010, defendant entered into a loan modification agreement with LNV Corporation regarding 28 Kossuth Place, Brooklyn, New York (subject premises). The loan amount was $559,000. Apparently, the amount was split whereby defendant would remit monthly payments on $396,870.92 and a balloon payment of $162,129.08 would be due at maturity of the loan.
Subsequently, in June 2015, defendant entered into a contract to sell the subject premises. Defendant requested and received a payoff letter from MCG, a servicer on behalf of LNV Corporation, in the amount of $390,785.62. The closing was held on July 27, 2015, and LNV Corporation was in attendance. Defendant paid all outstanding debts including the mortgage from LNV Corporation. Indeed, LNV Corporation cashed the check from defendant in the amount of $390,785.62. On September 11, 2015, LNV Corporation filed a satisfaction/ discharge of a mortgage for the amount of $559,000. Allegedly, the balloon payment was assigned to plaintiff on or about November 30, 2015. In December 2015, plaintiff interposed this action for remittance of the balloon payment.
The doctrine of estoppel must be applied to these facts. To establish an estoppel there must be a reliance upon another’s actions, the reliance must have been justifiable, and in consequence of that reliance a prejudicial change in position must have occurred. (Flushing Unique Homes, LLC v Brooklyn Fed. Sav. Bank, 100 AD3d 956 [2d Dept 2012]; Banco Popular N. Am. v Lieberman, 22 Misc 3d 1 [App Term, 1st Dept 2008]; First Union Natl. Bank v Tecklenburg, 2 AD3d 575 [2d Dept 2003].) This matter is on all fours, defendant relied on the payoff letter she received from LNV Corporation, defendant’s reliance was justifiable, and defendant prejudicially changed her position by selling the subject premises, relocating and purchasing another home in the State of Georgia. (See Regions Bank v Campbell, 291 AD2d 437 [2d Dept 2002].)
Furthermore, the satisfaction/discharge of a mortgage, filed by LNV Corporation, amounts to a release of defendant’s responsibility under the mortgage. “[A] signed release shifts the burden of going forward ... to the [plaintiff] to show that there has been fraud, duress or some other fact which will be sufficient to void the release.” (Warmhold v Zagarino, 144 AD3d 672, 673 [2d Dept 2016], quoting Davis v Rochdale Vil., Inc., 109 AD3d 867, 867 [2013]; Mew Equity, LLC v Sutton Land *563 Servs., LLC, 144 AD3d 874 [2d Dept 2016]; Yeshiva Chasdei Torah v Dell Equity, LLC, 120 AD3d 1346 [2d Dept 2014].)
It should be noted that plaintiffs affirmation in opposition did not establish an issue of fact since the affidavit in support was insufficient, the affiant being a person without personal knowledge. (U.S. Bank, N.A. v Noble, 144 AD3d 788 [2d Dept 2016].)
Accordingly, defendant’s motion for summary judgment is granted in its entirety. The complaint is dismissed.