■ FRANK M. FLOWER & SONS, INC., Appellant, v NORTH OYSTER BAY BAYMEN'S ASSOCIATION, INC., et al., Respondents. [55 NYS3d 139]—

In an action to recover damages for breach of a settlement agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated August 4, 2014, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint on the ground of collateral estoppel.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

Prior to filing an answer in this action to recover damages for breach of a settlement agreement, the defendants moved pursuant to CPLR 3211 (a) (4) to dismiss the complaint on the ground that there was another action pending between the same parties based on the same cause of action, and pursuant to CPLR 3211 (a) (10) to dismiss the complaint on the ground that "the court should not proceed in the absence of a person who should be a party." The defendants did not request dismissal on any other grounds. The Supreme Court rejected both of these grounds for dismissal.

Nonetheless, the Supreme Court granted the defendants' motion on the ground of collateral estoppel (*see* CPLR 3211 [a] [5]) based on a judgment entered in a separate, related action involving the parties. At that time, an appeal from the judgment in the related action was pending before this Court (*see North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d 885 [2015]). The plaintiff contends on appeal that the Supreme Court erred in granting the defendants' motion on a ground not raised by the parties.

Under the circumstances of this case, we agree that the Supreme Court erred in granting the defendants' motion on the ground of collateral estoppel, because that ground was never raised or briefed by the parties. The parties had no opportunity to address the issue of collateral estoppel, and this "lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (*Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 54 [2014]; *see Misicki v Caradonna*, 12 NY3d 511, 519 [2009]; *Evans v Argent Mtge. Co., LLC*, 120 AD3d 618, 620-621 [2014]; *cf. Mew Equity, LLC v Sutton Land Servs., LLC*, 144 AD3d 874, 877 [2016]; *Town of Brookhaven v MMCCAS Holdings, Inc.*, 137 AD3d 1258, 1258 [2016]).

Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.