Singletary v Alhalal Rest., Inc. (2018 NY Slip Op 05216)





Singletary v Alhalal Rest., Inc.


2018 NY Slip Op 05216


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-10379
 (Index No. 10165/15)

[*1]Andrea Singletary, appellant, 
v
Alhalal Restaurant, Inc., et al., respondents.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated September 7, 2016. The order granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.
The plaintiff alleges that on March 17, 2015, while walking on a sidewalk adjacent to the defendants' premises in Brooklyn (hereinafter the premises), a "hanging awning, its steel supports and mounting infrastructure suddenly and unexpectedly fell and caused" the plaintiff severe personal injuries.
After issue was joined, the defendants moved, inter alia, for summary judgment dismissing the complaint, contending that the plaintiff was not struck by the awning. The defendants produced what they claim is photographic evidence of the plaintiff arriving at the premises after the awning fell, and alleged that the plaintiff falsely claimed that she had been struck by the awning. The plaintiff opposed the motion, submitting her own affidavit, photographic evidence of her injuries, and ambulance and hospital records.
The Supreme Court granted the defendants' motion on a different ground, finding, in effect, that there was no evidence that the defendants had notice of the defective condition that allegedly caused the plaintiff's injuries. The plaintiff appeals, and we reverse.
The defendants failed to establish their prima facie entitlement to judgment as a matter of law. The photographic evidence submitted by the defendants did not establish that the plaintiff fabricated her claims. Summary judgment "should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility" (Ruggiero v DePalo, 153 AD3d 870, 872; see Gardella v Remizov, 144 AD3d 977, 979; Pavane v Marte, 109 AD3d 970).
Furthermore, the Supreme Court should not have granted summary judgment on an issue not raised by the defendants' motion. The plaintiff had no opportunity to address the issue of whether the defendants had notice of the defective condition that allegedly caused the accident. The
plaintiff's "lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; see Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966; Matter of Meighan v Ponte, 144 AD3d 917, 918; Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874, 877; Quizhpe v Luvin Constr., 70 AD3d 912, 914). The need for such a limitation is clear. Apart from considerations of simple fairness, allowing a summary judgment motion by a defendant to bring up for review every possible defense that could be asserted by that defendant would be tantamount to shifting the well-accepted burden of proof on summary judgment motions (see GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967-968).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court