Daimler Chrysler Ins. Co. v Keller (2018 NY Slip Op 05999)





Daimler Chrysler Ins. Co. v Keller


2018 NY Slip Op 05999


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-01154
 (Index No. 20328/09)

[*1]Daimler Chrysler Insurance Company, etc., appellant, 
v
Elliot Keller, et al., defendants, RLI Insurance Company, respondent.


Gordon & Haffner, LLP, Harrison, NY (David Gordon of counsel), for appellant.
Kenney Shelton Liptak Nowak, LLP, Buffalo, NY (Elsa J. Schmidt of counsel), for respondent.



DECISION & ORDER
In a subrogation action to recover insurance benefits, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 30, 2015. The order granted the motion of the defendant RLI Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
On June 26, 2002, Elliot Keller was involved in a motor vehicle accident with Ojie Ferguson. At the time of the accident, Elliot was driving a vehicle he and Susan Keller (hereinafter together the Kellers) had leased from Chrysler Financial Company (hereinafter CFC). The Kellers were insured under a primary policy with Travelers Insurance Company (hereinafter Travelers), and Elliot had an umbrella policy with RLI Insurance Company (hereinafter RLI).
In 2003, Ferguson commenced an action against the Kellers and CFC. The Kellers first notified RLI of the accident and the lawsuit in August 2006, and RLI issued a disclaimer letter on September 5, 2006, denying coverage to all defendants for "late notice of suit." The Ferguson action was settled in 2007, with Daimler Chrysler Insurance Company (hereinafter DCIC) paying $250,000 toward the settlement on behalf of its insured, CFC, and Travelers paying $250,000. Thereafter, DCIC commenced this action, as subrogee of CFC, against the Kellers, and subsequently moved, inter alia, to amend the complaint to add RLI as a defendant. Upon receipt of the motion, RLI issued a disclaimer letter to DCIC on June 3, 2010.
After RLI was added as a defendant, it moved for summary judgment dismissing the complaint insofar as asserted against it based on CFC's failure to provide timely notice of the occurrence, claim, and underlying suit. DCIC cross-moved for summary judgment on the complaint. The Supreme Court granted RLI's motion on the basis that CFC did not qualify as an insured under the RLI policy, a ground not raised by either party, and denied DCIC's cross motion. DCIC appeals and we affirm, albeit for reasons different from those stated by the Supreme Court.
The Supreme Court erred in essentially searching the record and granting relief based upon arguments that were not raised (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 52-53; Quizhpe v Luvin Constr., 70 AD3d 912, 914). "A motion for summary judgment on one claim or defense does not provide a basis for searching the record and granting summary judgment on an unrelated claim or defense'" (Baseball Off. of Commr. v Marsh & McLennan, 295 AD2d 73, 82, quoting Sadkin v Raskin & Rappoport, 271 AD2d 272, 273; see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 53; Quizhpe v Luvin Constr., 70 AD3d at 914). Contrary to the court's determination, in its motion, RLI did not assert that CFC was not an additional insured, but rather asserted that, even assuming CFC could prove it qualified as an insured under the policy, it failed to satisfy the notice requirements of the policy. The parties had no opportunity to address the issue of CFC's status as an insured (see Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966; Matter of Meighan v Ponte, 144 AD3d 917, 918; Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874, 877).
In the interest of judicial economy, we deem it appropriate, under the circumstances of this case, to address RLI's motion on the merits, rather than remitting the matter to the Supreme Court to do so (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 56). We note that the issue has been fully briefed by the plaintiff and RLI.
RLI established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it based upon CFC's failure to provide timely notice of the occurrence and suit. "The insured's failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract'" (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743, quoting Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339; see Sputnik Rest. Corp. v United Natl. Ins. Co., 62 AD3d 689, 689). This rule applies to excess carriers as well as primary carriers (see American Home Assur. Co. v International. Ins. Co., 90 NY2d 433, 443). "[A] justifiable lack of knowledge of insurance coverage may excuse a delay in reporting an occurrence" (Winstead v Uniondale Union Free School Dist., 201 AD2d 721, 723; see Albano-Plotkin v Travelers Ins. Co., 101 AD3d 657, 658). To establish a valid excuse due to the insured's alleged ignorance of insurance coverage, the insured has the burden of proving "a justifiable lack of knowledge of insurance coverage" and "reasonably diligent efforts to ascertain whether coverage existed" upon receiving information "which would have prompted any person of ordinary prudence to consult either an attorney or an insurance broker" (Winstead v Uniondale Union Free School Dist., 201 AD2d at 723; see Albano-Plotkin v Travelers Ins. Co., 101 AD3d at 658). Here, in support of its motion, RLI submitted evidence that counsel for the Kellers and CFC in the underlying action performed an investigation and learned the detailed information regarding the umbrella policy in March 2005. Such knowledge is imputed to CFC (see Center v Hampton Affiliates, 66 NY2d 782, 784). As such, RLI established that RLI was given no notice of the accident or lawsuit until August 2006, and CFC did not provide notice until RLI was served with DCIC's motion to amend the complaint in June 2010.
In opposition, DCIC failed to raise a triable issue of fact (see McGovern-Barbash Assoc., LLC v Everest Nat. Ins. Co., 79 AD3d 981, 984; 120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co., 40 AD3d 719, 721). DCIC concedes that CFC had knowledge of the umbrella policy as of the time it received RLI's September 5, 2006, disclaimer letter, yet offered no explanation as to why CFC did not provide notice until service of DCIC's motion to amend the complaint to name RLI as a defendant on or about June 1, 2010 (see Ortiz v Fage USA Corp., 105 AD3d 720, 721; Sputnik Rest. Corp. v United Nat. Ins. Co., 62 AD3d at 689).
Contrary to DCIC's contention, RLI did not waive its right to deny coverage to CFC based on its disclaimer letter dated September 5, 2006, since that disclaimer denied coverage based on late notice of suit of all the defendants, not just the named insureds (see General Acc. Ins. Group v Cirucci, 46 NY2d 862, 864).
Accordingly, we agree with the Supreme Court's determination granting RLI's motion for summary judgment, albeit for reasons different from those stated by the court.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court