Patel v Sharma (2019 NY Slip Op 00452)





Patel v Sharma


2019 NY Slip Op 00452


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-10505
 (Index No. 50232/17)

[*1]Sahaj K. Patel, appellant, 
v
Devyani Sharma, respondent.


William S. Beslow, New York, NY, for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Richmond County (Barbara Irolla Panepinto, J.), dated September 12, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion for injunctive relief and to impose sanctions pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a determination of the defendant's motion and the plaintiff's cross motion on the merits.
In July 2014, the parties were married in a Hindu ceremony near the defendant's hometown in India. Initially, the parties lived together in a house owned by the plaintiff's parents in Staten Island. From October 2016 until they separated in February 2017, they lived in New Jersey. Thereafter, the defendant returned to the Staten Island house and the plaintiff continued living in New Jersey.
On March 7, 2017, the plaintiff commenced the instant action for a divorce and ancillary relief. After issue was joined, the defendant moved for summary judgment dismissing the complaint for failure to comply with the residency requirements of Domestic Relations Law § 230 and based on lack of jurisdiction to dissolve a Hindu marriage. The plaintiff cross-moved to enjoin the defendant from commencing an action for a divorce in India and for sanctions, contending that the defendant's motion for summary judgment was frivolous. The Supreme Court granted the defendant's motion on a ground not raised by the defendant, finding that the summons was defective for failing to specify the basis of the venue designated (see CPLR 305[a]), and denied, as academic, the plaintiff's cross motion. The plaintiff appeals, and we reverse.
The Supreme Court should not have granted the defendant's motion for summary judgment on a ground not raised in the defendant's motion (see Singletary v Alhalal Rest., 163 AD3d 738; Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874, 877; Quizhpe v Luvin Constr., 70 AD3d 912, 914). "[O]n a motion for summary judgment, the court is limited to the issues or defenses that are the subject of the motion before the court" (Matter of Pritchett, 128 AD3d 836, 837; see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Philogene v Duckett, 163 AD3d 1015). The plaintiff had no opportunity to address the issue regarding the allegedly defective summons, and this "lack of notice and opportunity to be heard implicates the fundamental issue of [*2]fairness that is the cornerstone of due process" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; see Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn, Inc., 150 AD3d 965, 966; Matter of Meighan v Ponte, 144 AD3d 917, 918).
Since the Supreme Court did not consider the merits of the motion and cross motion, the matter must be remitted to the Supreme Court, Richmond County, for a determination of the motion and cross motion on the merits (see Liew v Jeffrey Samel & Partners, 149 AD3d 1059, 1061; Baron v Brown, 101 AD3d 915, 916).
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court