National Auditing Servs. & Consulting, LLC v 511 Prop., LLC (2020 NY Slip Op 05142)





National Auditing Servs. & Consulting, LLC v 511 Prop., LLC


2020 NY Slip Op 05142


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 650670/16 Appeal No. 11884 Case No. 2019-1191 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]National Auditing Services & Consulting, LLC, Plaintiff-Appellant,
v
511 Property, LLC, Defendant-Respondent.


Ellenoff Grossman & Schole LLP, New York (Marc T. Miller of counsel), for appellant.
Joel Scott Ray, New York, for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 22, 2019, which denied plaintiff's motion for summary judgment on its contract claim, unanimously affirmed, without costs.
While, pursuant to CPLR 3212(b), plaintiff should have included a copy of defendant's answer with its moving papers, defendant submitted a copy of its answer with its opposition, and plaintiff submitted another copy with its reply. Plaintiff's failure to submit the answer with its opening papers was a mere irregularity, and no substantial right of any party was prejudiced (see Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874, 877 [2d Dept 2016]).
The motion court correctly found a triable issue of fact as to the defense of fraud in the inducement. Defendant's reliance on plaintiff's representation that defendant was owed tax and other credits, which plaintiff stated was determined through its proprietary database, was not unreasonable as a matter of law; plaintiff's proprietary database was peculiarly within its own knowledge (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 278-279 [2011]).
As the motion court also found, there is an issue of fact as to whether plaintiff performed an audit. A court may consult a dictionary to determine the meaning of a word in a contract (see Slattery Skanska Inc. v American Home Assur. Co., 67 AD3d 1, 15 [1st Dept 2009]). Hence, it is entirely proper for defendant to quote dictionary definitions of "audit."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020