Mew Equity, LLC v Sutton Land Servs., LLC (2021 NY Slip Op 02514)





Mew Equity, LLC v Sutton Land Servs., LLC


2021 NY Slip Op 02514


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-10717
 (Index No. 25882/10)

[*1]Mew Equity, LLC, et al., appellants, 
v
Sutton Land Services, LLC, doing business as Sutton Land Title, et al., respondents, et al., defendants.


Lynn, Gartner, Dunne & Covello, LLP, Mineola, NY (Robert P. Lynn, Joseph Covello, Katharine Santos, and Perry Balagur of counsel), for appellants.
Jonathan A. Stein, P.C., Cedarhurst, NY, for respondents Sutton Land Services, LLC, doing business as Sutton Land Title, Sutton Alliance, LLC, doing business as Sutton Land Title, Raizy Moskovits, and Martin Silverstein.
Fidelity National Law Group, New York, NY (Donald G. Davis of counsel), for respondent Marcy Tower, LLC.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Claudia G. Jaffe of counsel), for respondent JP Morgan Chase Bank National Association.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 15, 2017. The order denied the plaintiffs' separate motions for leave to renew their opposition to those branches of the separate motions of the defendants Sutton Land Services, LLC, doing business as Sutton Land Title, Sutton Alliance, LLC, doing business as Sutton Land Title, Raizy Moskovits, and Martin Silverstein, the defendant Marcy Tower, LLC, and the defendant JP Morgan Chase Bank National Association, which were for summary judgment dismissing the complaint insofar as asserted against each of them and pursuant to CPLR 5015(a) to vacate a judgment of the same court entered February 7, 2017.
ORDERED that the order is affirmed, with one bill of costs payable by the plaintiffs to the respondents appearing separately and filing separate briefs.
The factual background of this dispute is set forth in our prior decision and order in this matter (see Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874). In that decision and order, this Court reversed an order of the Supreme Court, Kings County, dated November 1, 2013, denying, on procedural grounds, the separate motions of the defendants Sutton Land Services, LLC, doing business as Sutton Land Title, Sutton Alliance, LLC, doing business as Sutton Land Title, Raizy Moskovits, and Martin Silverstein (hereinafter collectively Sutton), the defendant Marcy Tower, LLC (hereinafter Marcy Tower), and the defendant JP Morgan Chase Bank National Association, as successor in interest to Washington Mutual Bank (hereinafter Chase), which were [*2]for summary judgment dismissing the complaint insofar as asserted against each of them, granted those branches of their respective motions on the merits, and remitted the matter to the Supreme Court, Kings County, for the entry of a judgment, and appropriate declarations (see id. at 875). Upon remittitur, the Supreme Court entered a judgment on February 7, 2017, inter alia, dismissing the complaint insofar as asserted against Sutton, Marcy Tower, and Chase.
Thereafter, in separate motions, the plaintiffs sought leave pursuant to CPLR 2221(e) to renew their opposition to those branches of Sutton's, Marcy Tower's, and Chase's motions which were for summary judgment dismissing the complaint insofar as asserted against each of them and pursuant to CPLR 5015(a) to vacate the judgment entered February 7, 2017. The Supreme Court denied the plaintiffs' motions, and the plaintiffs appeal.
On a motion to vacate a judgment based upon newly discovered evidence, the movant must establish that the purportedly newly discovered evidence could not have been discovered earlier through the exercise of due diligence (see Deutsche Bank Nat. Trust Co. v Morris, 160 AD3d 613). Further, on a postappeal motion for leave to renew, the movant bears a heavy burden of showing due diligence in presenting the alleged new evidence to imbue the appellate decision with a degree of certainty (see Priant v New York City Tr. Auth., 142 AD3d 491; Derby v Bitan, 112 AD3d 881).
Here, the plaintiffs failed to meet that burden. Rather, it is apparent from the record that they failed to exercise due diligence. Accordingly, the Supreme Court properly denied the plaintiffs' separate motions.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court