■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellant, v EDWARD ANDERSON, Also Known as EDWARD A. ANDERSON, Respondent, et al., Defendants. [991 NYS2d 85]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated October 1, 2012, as denied those branches of its motion which were for summary judgment on the complaint and dismissing the affirmative defenses of the defendant Edward Anderson, also known as Edward A. Anderson, and for the appointment of a referee to compute the amount due to it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the affirmative defenses of the defendant Edward Anderson, also known as Edward A. Anderson, and for the appointment of a referee to compute the amount due to it, are granted.

The plaintiff commenced this action on August 19, 2009, to foreclose a mortgage securing a loan that was made on September 17, 2008. The plaintiff thereafter moved for, among other things, summary judgment on the complaint and dismissing the affirmative defenses of the defendant Edward Anderson, also known as Edward A. Anderson, and for the appointment of a referee to compute the amount due to it. In support of its motion, the plaintiff submitted, inter alia, the subject mortgage, the unpaid note, and an affidavit of its vice-president, evidencing Anderson's default in his payment obligations.

Anderson, who conceded that he took out the subject loan and that he had defaulted, cross-moved, inter alia, to schedule a settlement conference pursuant to CPLR 3408, which provides that the Supreme Court shall conduct a mandatory settlement conference in connection with certain residential foreclosure actions. In an order dated September 24, 2010, the Supreme Court held the plaintiff's motion in abeyance, and granted the cross motion to the extent of directing a conference. A subsequent order indicated that the parties had appeared for a settlement conference, but were unable to reach an agreement, and that the matter would "proceed."

Prior to the Supreme Court's consideration of the merits of the plaintiff's motion, Anderson served an amended notice of cross motion, in effect, opposing the summary judgment motion on various grounds. The Supreme Court concluded that the plaintiff had demonstrated, prima facie, its entitlement to judgment as a matter of law on the complaint and dismissing Anderson's affirmative defenses. The court further determined that Anderson failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing. However, the court nevertheless determined that there was no indication in the record as to whether the plaintiff had negotiated in good faith at the settlement conference. Accordingly, the Supreme Court denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing Anderson's affirmative defenses, and for the appointment of a referee to compute the amount due to it.

The Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing Anderson's affirmative defenses, and for the appointment of a referee to compute the amount due to it. Although Anderson first opposed the plaintiff's motion by cross-moving to schedule a settlement conference, once the matter was returned from the settlement conference part, Anderson did not oppose the plaintiff's motion on the ground that the plaintiff had not negotiated in good faith or otherwise contend that the matter should have been sent back to the settlement conference part. The Supreme Court should not have raised the issue of its own accord, and based its determination of the motion on a ground that was neither raised nor briefed by the parties (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 53 [2d Dept 2014]; *Neville v 187 E. Main St., LLC*, 33 AD3d 682, 682-683 [2006]).

In addition, although the current version of CPLR 3408 ap-

plies the settlement conference requirement to "any residential foreclosure action involving a home loan . . . in which the defendant is a resident of the property" (CPLR 3408 [a]), that version did not become effective until after this action was commenced (see L 2013, ch 306, § 2 [eff Aug. 30, 2013]; see also L 2009, ch 507, § 9 [eff Feb. 13, 2010]). As the plaintiff correctly contends, the original version of CPLR 3408, enacted in 2008, was in effect at the time this action was commenced (see CPLR former 3408, as added by L 2008, ch 472, § 3). Accordingly, the original version of the statute is applicable to this case (cf. Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911 [2013]).

The original version of the statute "applied only to foreclosure actions involving high-cost home loans or subprime or nontraditional home loans" (Independence Bank v Valentine, 113 AD3d 62, 65 [2013]; see CPLR former 3408, as added by L 2008, ch 472, § 3). Since the loan at issue in this case did not constitute a high-cost home loan, a subprime home loan, or a nontraditional home loan, as those terms were defined in the original version of the statute, the plaintiff was not required to participate in a settlement conference at all (see CPLR former 3408, as added by L 2008, ch 472, § 3; RPAPL former 1304 [5] [c], as added by L 2008, ch 472, § 2). Accordingly, the Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing Anderson's affirmative defenses, and for the appointment of a referee to compute the amount due to it.

To the extent that the plaintiff raises an argument on appeal regarding that branch of its motion which was to amend the caption of this action, or that branch of its motion which was for leave to enter a default judgment against the remaining defendants, those branches of its motion were not addressed by the Supreme Court and, thus, remain pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543 [1979]). Mastro, J.P., Leventhal, Lott and Miller, JJ., concur.