■ HENRY M. EVANS, Respondent, v ARGENT MORTGAGE COMPANY, LLC, et al., Defendants, and CITIFINANCIAL MORTGAGE COMPANY, INC., Appellant. (Action No. 1.) CITIFINANCIAL MORTGAGE COMPANY, INC., Appellant, v NIGEL WILLIAMS et al., Respondents, et al., Defendants. (Action No. 2.) [992 NYS2d 49]—

In related actions to foreclose a mortgage and, inter alia, for declaratory relief, Citifinancial Mortgage Company, Inc., a de-

fendant in action No. 1 and the plaintiff in action No. 2, appeals from (1) an order of the Supreme Court, Kings County (Schack, J.), dated July 8, 2011, which granted the motion of Henry M. Evans, the plaintiff in action No. 1 and a defendant in action No. 2, to discharge the mortgage and cancel the notice of pendency, and (2) a judgment of the same court dated July 8, 2013, which, upon an order of the same court dated July 6, 2011, and the order dated July 8, 2011, discharged the mortgage, cancelled the notice of pendency, and, in effect, declared, among other things, that any claims of the plaintiff in action No. 2 against the subject property are invalid.

Ordered that the appeal from the order dated July 8, 2011, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the plaintiff in action No. 1 is denied, the order dated July 8, 2011, is modified accordingly, action No. 2 is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order dated July 8, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the actions (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the intermediate order are brought up for review and have been considered on appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff in action No. 1, Henry M. Evans, is the owner of the subject property. He attained title by deed in 2002 from Nigel Williams and Eugena Nunes, defendants in action No. 2. Before the conveyance, Williams and Nunes had mortgaged the subject property and the last assignee of this mortgage was the plaintiff in action No. 2, Citifinancial Mortgage Company, Inc. (hereinafter Citifinancial). Evans contends that, in March 2006, he refinanced the subject property with Argent Mortgage Company, LLC (hereinafter Argent). However, according to Evans, Argent failed to subsequently pay off Citifinancial's prior mortgage on the subject property from the loan proceeds.

In January 2009, Citifinancial commenced an action to foreclose the mortgage against, among others, Evans, Williams, and Nunes (action No. 2). Subsequently, in July 2009, Evans commenced an action in the same court against, among others, Argent and Citifinancial, alleging that he refinanced the subject property with Argent, whose subsequent actions invalidated the resulting loan (action No. 1).

On February 5, 2010, the Supreme Court issued an order

wherein action No. 1 was discontinued, on the consent of Evans, as to Citifinancial and certain others, but not Argent. Action No. 1 and action No. 2 were thereafter joined for trial by order dated April 23, 2010.

In May 2011, Citifinancial made an application in action No. 2 to vacate a prior order of reference, therein informing the court that it planned to move to discontinue the action. By order dated July 6, 2011, the court granted Citifinancial's application to the extent that it vacated the prior order, but, on the grounds that it was conserving judicial resources, also, sua sponte, in effect, directed the dismissal of action No. 2 with prejudice.

In 2013, Evans moved to discharge the mortgage and to cancel a notice of pendency.

In the order appealed from, the court granted Evans's motion to discharge Citifinancial's mortgage and to cancel the notice of pendency. The court determined, sua sponte, that Citifinancial did not own the mortgage on the subject property on the grounds that an earlier assignment of the mortgage to a predecessor of Citifinancial was defective. In the judgment appealed from, the court discharged the mortgage, cancelled the notice of pendency, and, in effect, declared, inter alia, that Citifinancial's claims against the subject property are invalid. We reverse.

Civil Practice Law and Rules § 2214 (a) provides that "[a] notice of motion shall specify . . . the relief demanded and the grounds therefor." However, the court "may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (*Frankel v Stavsky*, 40 AD3d 918, 918-919 [2007]; *see HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774 [1991]).

Here, the causes of action in Evans's complaint in action No. 1 arise out of his contention, inter alia, that he refinanced the subject property with Argent, which then failed to use the proceeds thereof to pay off the Citifinancial mortgage. Evans's motion sought discharge of the Citifinancial mortgage and cancellation of the notice of pendency on the grounds, inter alia, that his obligation to pay such mortgage was discharged when Argent received the proceeds for the purpose of paying off Citifinancial.

On grounds not raised or argued by the parties nor contained in the pleadings, the Supreme Court granted Evans's motion, determining that Citifinancial never actually owned the mortgage. The Supreme Court determined that a prior assign-

ment of the mortgage to Citifinancial's predecessor had been defective on the grounds that the power of attorney needed to execute such assignment was not recorded and, as a result, the mortgage could not thereafter properly be assigned to Citifinancial. The Supreme Court erred in discharging the mortgage and cancelling the notice of pendency on such grounds since Evans failed to dispute or contest the validity of Citifinancial's mortgage and actually affirmatively acknowledged the validity of the mortgage in his complaint and motion to the court (*see Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823, 824-825 [2011]).

The Supreme Court's determination that the mortgage was invalid prejudiced Citifinancial in that it was never afforded the opportunity to present evidence refuting the court's sua sponte determination that a prior power of attorney was not recorded, or that if such defect existed, it did not affect Citifinancial's rights (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 54 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 818 [2013]; *Frankel v Stavsky*, 40 AD3d at 918-919). We note that the Supreme Court's determination, in effect, vitiated substantive rights of Citifinancial, which was no longer able to litigate its rights in the dismissed action No. 2, without giving it the opportunity to be heard on the issue decided (*see id.; NYC Med. & Neurodiagnostic, P.C. v Republic W. Ins. Co.*, 8 Misc 3d 33, 38 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).

In light of our determination, Citifinancial's remaining contentions need not be addressed.

Accordingly, under the circumstances of this case, we deem it appropriate to remit the matter to the Supreme Court, Kings County, for further proceedings before a different Justice (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d at 818; *Aurora Loan Servs., LLC v Shahmela Shah Sookoo*, 92 AD3d 705, 707 [2012]). Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.