■ GETTYSBURGH STREET HOLDING CORP., Appellant, v BANK OF NEW YORK MELLON, Respondent. [27 NYS3d 658]—

In an action pursuant to RPAPL 1501 (4) to cancel and discharge a mortgage, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Hart, J.), entered April 8, 2014, and (2) an order of the same court entered August 19, 2014, which denied the motion and, sua sponte, discharged Richard J. Sullivan as attorney for the plaintiff and vacated a prior order of the same court (Rosengarten, J.) entered June 25, 2013, in a foreclosure action entitled *Bank of New York v Leonardo*, commenced under index No. 2314/07, which granted a motion to dismiss the complaint in that action.

Ordered that on the Court's own motion, the notice of appeal from so much of the order entered August 19, 2014, as, sua sponte, discharged Richard J. Sullivan as attorney for the plaintiff and vacated the order entered June 25, 2013, in the foreclosure action is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order entered April 8, 2014 is dismissed, without costs or disbursements, as that order was superseded by the order entered August 19, 2014; and it is further,

Ordered that the order entered August 19, 2014 is modified, on the law, by deleting the provisions thereof, sua sponte, discharging Richard J. Sullivan as attorney for the plaintiff and vacating the order entered June 25, 2013, in the foreclosure action; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith before a different Justice.

In 2007, the defendant Bank of New York Mellon (hereinafter the Bank) commenced an action to foreclose a mortgage secured by property owned by nonparty Victor Leonardo. During the pendency of the foreclosure action, Leonardo transferred title to the property to Gettysburgh Street Holding Corp. (hereinafter Gettysburgh). In an order entered June 25, 2013, the Supreme Court granted a motion pursuant CPLR 3216 to dismiss the complaint in the foreclosure action for failure to resume prosecution. Gettysburgh then commenced this action by motion for summary judgment in lieu of complaint against the Bank to cancel and discharge the mortgage.

The Supreme Court properly denied Gettysburgh's motion for summary judgment in lieu of complaint. CPLR 3213 provides that "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." The holder of a note can therefore bring an action by motion for summary judgment in lieu of complaint when "the full extent of the debtor's obligation can be gleaned from the face of the note alone" (*Gallagher v Kazmierczuk*, 245 AD2d 418, 418 [1997]). Here, the document upon which Gettysburgh relies, the order entered June 25, 2013, granting a motion to dismiss the complaint in the foreclosure action, is not an instrument for the payment of money or a judgment. Accordingly, it was improper for Gettysburgh to commence this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

However, the Supreme Court erred in, sua sponte, discharging Richard J. Sullivan from representing Gettysburgh in this action. It is not evident from the record that a conflict of interest exists (*see Rainbow Hill Homeowners Assn., Inc. v Gigante, Inc.*, 32 AD3d 532 [2006]), or that Sullivan's representation of Gettysburgh in this particular action is otherwise improper (*see* 22 NYCRR 1200.0).

The Supreme Court also erred in, sua sponte, vacating the order entered June 25, 2013 in the foreclosure action. The Bank did not appeal from that order granting a motion to dismiss the complaint, and it made no motion to restore the case. Thus, the Bank never made a showing of a reasonable excuse for the default or a potentially meritorious cause of action (*see* CPLR 5015 [a]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). Moreover, contrary to the Bank's contention, the record does not contain sufficient reason to vacate the order in the interests of substantial justice (*see Woodson v Mendon Leasing*

*Corp.*, 100 NY2d 62, 68 [2003]; *Hudson City Sav. Bank v Cohen*, 120 AD3d 1304 [2014]). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.

---

Motion by the respondent, inter alia, to dismiss appeals from two orders of the Supreme Court, Queens County, entered April 8, 2014 and August 19, 2014, respectively, on the ground that the appellant, in effect, lacked capacity to sue. By decision and order on motion of this Court dated January 13, 2015, that branch of the motion which is to dismiss the appeals was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeals is denied. Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.