Appeal from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated March 17, 2016. The order denied the motion of the defendant Joanne Gambino to dismiss the complaint insofar as asserted against her as time-barred and to cancel and discharge a mortgage.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Joanne Gambino which was to dismiss the complaint insofar as asserted against her as time-barred, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs payable by the plaintiff.
 

 In 2004, the defendant Joanne Gambino executed a mortgage on her property as security for a note. After Gambino defaulted on her payment obligations, the plaintiff accelerated the debt and commenced an action, on January 7, 2009, to foreclose the mortgage (hereinafter the prior foreclosure action). In the prior foreclosure action, the plaintiff was denominated “Deutsche Bank National Trust Company As Trsutee [sic].” Issue was never joined in that action. In an order dated May 3, 2012, the plaintiff was directed to move for an order of reference on or before May 31, 2012, “or the matter will be dismissed for plaintiff’s failure to prosecute.” No further action was taken by the plaintiff in the prior foreclosure action.
 

 On September 17, 2015, the plaintiff, denominated as “Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC4, mortgage pass-through certificates, series 2004-NC4,” commenced this action against, among others, Gambino, to foreclose upon the same mortgage. The complaint recited that “a prior action was commenced and plaintiff intends it to be discontinued.” Gambino subsequently moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as time-barred and pursuant to RPAPL 1501 (4) to cancel and discharge the mortgage, contending that more than six years had elapsed since the acceleration of the debt in the prior foreclosure action, and that the prior foreclosure action had been “administratively dismissed” in 2012. In support of her motion, she submitted a copy of the Supreme Court’s docket in the prior foreclosure action, which showed that on July 12, 2012, that action had been marked “other final disp. pre-note.” The plaintiff opposed the motion, but acknowledged that “[t]he 2009 Foreclosure Action was subsequently dismissed for . . . failure to prosecute.” The court denied the motion on the ground that the prior foreclosure action had never been properly dismissed because a 90-day demand was never served upon the plaintiff pursuant to CPLR 3216. Gambino appeals.
 

 As a threshold matter, the Supreme Court should not have denied Gambino’s motion, which was dispositive in nature, on a ground that the parties did not litigate (see Misicki v Caradonna, 12 NY3d 511, 519 [2009]; Federal Natl. Mtge. Assn. v Anderson, 119 AD3d 892, 893 [2014]; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54-55 [2014]). In opposition to Gambino’s motion, the plaintiff argued that it was not the same entity as the plaintiff in the prior foreclosure action and that triable issues of fact existed as to whether the plaintiff in the prior foreclosure action was authorized to commence that action and accelerate the mortgage debt, and whether the statute of limitations was tolled for certain periods after the debt was purportedly accelerated in 2009. The court erred in denying Gambino’s motion on the ground that the prior foreclosure action had never been properly dismissed, since the docket in that action indicated that it had been finally disposed of in 2012, the plaintiff expressly recited in the complaint that it “intends [the prior foreclosure action] to be discontinued,” and the plaintiff also affirmatively acknowledged in opposition to Gambino’s'motion that the prior foreclosure action had been dismissed. These circumstances demonstrated that the prior foreclosure action had been administratively dismissed, and that the plaintiff did not challenge the propriety of that dismissal or seek to restore that action to the court’s calendar. Moreover, there was no contention or evidence that the allegedly distinct entity “Deutsche Bank National Trust Company As TVsutee [sic]” had ever challenged the dismissal of the prior foreclosure action. Contrary to the plaintiff’s contention, Gambino was prejudiced by the court’s sua sponte determination (see Evans v Argent Mtge. Co., LLC, 120 AD3d 618, 621 [2014]; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 54).
 

 In the interest of judicial economy, it is appropriate, under the circumstances of this case, to address Gambino’s motion on the merits, rather than remitting the matter to the Supreme Court to do so (see Town of Brookhaven v MMCCAS Holdings, Inc., 137 AD3d 1258, 1258-1259 [2016]; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 56). In support of her motion, Gambino demonstrated that the six-year statute of limitations (see CPLR 213 [4]) began to run on January 7, 2009, when the plaintiff accelerated the mortgage debt and commenced the prior foreclosure action (see U.S. Bank N.A. v Martin, 144 AD3d 891, 891-892 [2016]; PSP-NC, LLC v Raudkivi, 138 AD3d 709, 710-711 [2016]; EMC Mtge. Corp. v Smith, 18 AD3d 602, 603 [2005]). Since the plaintiff did not commence the instant action until more than six years after January 7, 2009, Gambino sustained her initial burden of demonstrating, prima facie, that this action was untimely. In opposition, the plaintiff failed to raise a question of fact as to whether “Deutsche Bank National Trust Company As Trsutee [sic]” was a distinct entity which did not have the authority to accelerate the mortgage debt in January 2009 or was not the holder of the note when it commenced the prior foreclosure action. Furthermore, the plaintiff failed to raise a question of fact as to whether the limitations period was tolled by Gambino’s purported filing of a bankruptcy petition in March 2012, or by purported bankruptcy filings by a codefendant in the prior foreclosure action (see U.S. Bank N.A. v Martin, 144 AD3d at 892-893). Accordingly, the court erred in denying that branch of Gambino’s motion which was to dismiss the complaint insofar as asserted against her as time-barred.
 

 However, that branch of Gambino’s motion which was to cancel and discharge the mortgage pursuant to RPAPL 1501 (4) was properly denied, since that relief must be sought in an action and not by motion (see RPAPL 1501 [4]; see e.g. Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985 [2016]; Gettysburgh St. Holding Corp. v Bank of N.Y. Mellon, 137 AD3d 1076 [2016]).
 

 Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.