Aurora Loan Servs., LLC v Moreno (2018 NY Slip Op 08107)





Aurora Loan Servs., LLC v Moreno


2018 NY Slip Op 08107


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-06418
 (Index No. 19686/07)

[*1]Aurora Loan Services, LLC, plaintiff, 
v
German Moreno, et al., respondent, et al., defendants; SC Bromley I, LLC, nonparty-appellant.


Jeffrey A. Kosterich, LLC, Tuckahoe, NY, for nonparty-appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, Christopher Villanti, and James Tierney of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, SC Bromley I, LLC, the plaintiff's successor-in-interest, appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered April 27, 2016. The order, upon the failure of the plaintiff to produce the process server as a witness at a hearing to determine the validity of service of process, granted those branches of the motion of the defendant German Moreno which were pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court entered April 15, 2008, upon his default, and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and, sua sponte, directed the dismissal of the complaint insofar as asserted against the remaining defendants for failure to join a necessary party.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendants other than the defendant German Moreno for failure to join a necessary party is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof which, sua sponte, directed the dismissal of the complaint insofar as asserted against the defendants other than the defendant German Moreno for failure to join a necessary party; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage given by the defendant German Moreno. The complaint alleged that Moreno was the "Original obligor" on the mortgage note and that the defendant Dual Properties, Inc., was the "Record owner" of the subject property. Upon the failure of those defendants to appear or answer the complaint within the time allowed, the Supreme Court granted the plaintiff's unopposed motion for an order of reference (see CPLR 3215[f]; RPAPL 1321[1]). The note and mortgage were thereafter assigned to the appellant, SC [*2]Bromley I, LLC (hereinafter Bromley).
Moreno subsequently moved, inter alia, to vacate the order of reference, and, thereupon, to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see CPLR 5015[a][4]; CPLR 3211[a][8]). In his supporting affidavit, Moreno claimed, in relevant part, that he is the record owner of the subject property and that he was never served with process. In opposition, Bromley, inter alia, submitted the affidavit of its process server. The process server's affidavit stated that he served the supplemental summons and complaint upon Moreno by delivering a copy of the pleadings to "Mrs. Moreno—Family Member" at 1537 144th Street, Whitestone, NY" and by mailing a copy of the pleadings to that address. In an order entered January 7, 2016, the Supreme Court determined that because Moreno's affidavit specifically denied, among other things, that he ever received the pleadings and that he ever resided at the stated address, a hearing to determine the validity of service of process was needed. Following the hearing, wherein Bromley failed to produce the process server, the court granted Moreno's motion. In addition, the court, sua sponte, directed the dismissal of the complaint insofar as asserted against the remaining defendants, finding that it was "uncontested" that Moreno was the fee owner of the property and, thus, Moreno was a necessary party (see RPAPL 1311; CPLR 1001).
On appeal, Bromley argues, in effect, that it was denied due process as a result of being unable to contest whether Dual Properties is the fee owner and whether Moreno is a necessary party.
"The lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; see Misicki v Caradonna, 12 NY3d 511, 519; Evans v Argent Mtge. Co., LLC, 120 AD3d 618).
Here, the record does not support the Supreme Court's conclusion that Moreno's ownership of the property was "uncontested." In any event, the court's determination that Moreno was a necessary party prejudiced Bromley in that "it was never afforded the opportunity to present evidence refuting the court's sua sponte determination" (Evans v Argent Mtge. Co., LLC, 120 AD3d at 621; see Mew Equity, LLC v Sutton Land Servs., LLC, 144 AD3d 874; Midfirst Bank v Agho, 121 AD3d 343; Federal Natl. Mtge. Assn. v Anderson, 119 AD3d 892).
Accordingly, we disagree with the Supreme Court's determination to, sua sponte, direct the dismissal of the complaint insofar as asserted against the remaining defendants for failure to join a necessary party.
Bromley's remaining contentions are not properly before this Court.
We agree with the Supreme Court's determination granting those branches of Moreno's motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and thereupon, pursuant to CPLR 3211(a)(8) to direct the dismissal of the complaint insofar as asserted against him for lack of personal jurisdiction.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court