Velez v Mr. Demolition, Inc. (2019 NY Slip Op 03841)





Velez v Mr. Demolition, Inc.


2019 NY Slip Op 03841


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-02427
 (Index No. 515560/17)

[*1]Jorge Velez, etc., et al., appellants,
v
Mr. Demolition, Inc., et al., defendants, 1855 EP Holdings, LLC, et al., respondents.


Harry I. Katz, P.C. (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellants.
Chartwell Law Offices, LLP, New York, NY (Jarett L. Warner of counsel), for respondent 1855 Holdings, LLC.
Winget, Spadafora & Schwartzberg, LLP, New York, NY (Kenneth A. McLellan and Keith R. M. Roussel of counsel), for respondent Silvercup Scaffolding 1, LLC.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated December 7, 2017. The order, insofar as appealed from, (1) denied the plaintiffs' separate motions for leave to enter judgment on the issue of liability against the defendants 1855 EP Holdings, LLC, and Silvercup Scaffolding 1, LLC, upon their default in appearing or answering the complaint, respectively, (2), in effect, granted the cross motion of the defendant Silvercup Scaffolding 1, LLC, to vacate its default and to compel the plaintiffs to accept its late answer, and (3), sua sponte, in effect, vacated the default of the defendant 1855 EP Holdings, LLC, and granted it leave to serve a late answer.
ORDERED that on the Court's own motion, the appeal from so much of the order as, sua sponte, in effect, vacated the default of the defendant 1855 EP Holdings, LLC, and granted it leave to serve a late answer is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, sua sponte, in effect, vacating the default of the defendant 1855 EP Holdings, LLC, and granting it leave to serve a late answer; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendant 1855 EP Holdings, LLC, and one bill of costs is awarded to the defendant Silvercup Scaffolding 1, LLC, payable by the plaintiffs.
On July 22, 2016, the plaintiffs' decedent was fatally injured while working on a construction site in Brooklyn. On August 10, 2017, the plaintiffs, who are, respectively, the administrator of the decedent's estate and the decedent's daughter, commenced this action against, [*2]among others, the defendants 1855 EP Holdings, LLC (hereinafter EP Holdings), the owner of the premises, and Silvercup Scaffolding 1, LLC (hereinafter Silvercup, and hereinafter together the defendants). The action seeks, inter alia, to recover damages for conscious pain and suffering and wrongful death. On August 22, 2017, the defendants were served with the summons and complaint via the secretary of state. They did not appear or answer the complaint within the 30-day statutory period to do so (see CPLR 311-a[a]; 320[a]; Limited Liability Company Law § 303[a]). In October 2017, the plaintiffs made separate motions for leave to enter a default judgment against each of the defendants. By notice of cross motion dated November 30, 2017, Silvercup cross-moved to vacate its default in appearing and answering the complaint and to compel the plaintiffs to accept its late answer. The Supreme Court denied the plaintiffs' separate motions for leave to enter a default judgment against each of the defendants, in effect, granted Silvercup's cross motion, and, sua sponte, in effect, vacated the default of EP Holdings and granted it leave to serve a late answer. The plaintiffs appeal.
We agree with the Supreme Court's denial of the plaintiffs' separate motions for leave to enter a default judgment against each of the defendants upon their failure to appear and answer the complaint. In support of their separate motions, the plaintiffs failed to proffer either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts as required by CPLR 3215(f) (see Jacobsen v S & F Serv. Ctr. Co., Inc., 131 AD3d 450, 452; Williams v North Shore LIJ Health Sys., 119 AD3d 937, 938; Peniston v Epstein, 10 AD3d 450).
The Supreme Court providently exercised its discretion by, in effect, granting Silvercup's cross motion to vacate its default in appearing or answering the complaint and to compel acceptance of its late answer. In seeking to vacate its default in appearing and answering pursuant to CPLR 5015(a)(1) and to compel the plaintiffs to accept its late answer, Silvercup was required to demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 611; Bank of Am., N.A. v Welga, 157 AD3d 753, 754; Gershman v Ahmad, 131 AD3d 1104, 1105). Under the circumstances, the explanation for the default proffered by Silvercup, including that upon being served, it promptly supplied the summons and complaint to its insurance broker, who delayed in reporting this action to its insurance carrier, was reasonable (see Yuxi Li v Caruso, 161 AD3d 1132, 1134; Fried v Jacob Holding, Inc., 110 AD3d 56, 60-61; Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877). Moreover, in light of the lack of any prejudice to the plaintiffs resulting from Silvercup's short two-month delay in appearing and serving an answer to the complaint, the lack of willfulness on the part of Silvercup, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, Silvercup's default was properly excused (see Gonzalez v Seejattan, 123 AD3d 762, 763; Hosten v Oladapo, 52 AD3d 658; Stuart v Kushner, 39 AD3d 535, 536; Schonfeld v Blue & White Food Prods. Corp., 29 AD3d 673, 674).
The court, however, should not have, sua sponte, in effect, vacated EP Holdings' default and granted it leave to serve a late answer, since EP Holdings never made a showing of a reasonable excuse for its default and a potentially meritorious defense to the action (see CPLR 5015[a]; Gettysburgh St. Holding Corp. v Bank of N.Y. Mellon, 137 AD3d 1076, 1077; Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836).
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court