Pryce v Nationstar Mtge., LLC (2020 NY Slip Op 07410)





Pryce v Nationstar Mtge., LLC


2020 NY Slip Op 07410


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-10180 
2019-02012
 (Index No. 4283/17)

[*1]Cassius Pryce, appellant, 
v
Nationstar Mortgage, LLC, respondent, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated June 5, 2018, and (2) an order of the same court dated January 7, 2019. The order dated June 5, 2018, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint. The order dated January 7, 2019, insofar as appealed from, upon renewal and reargument, adhered to the original determination in the order dated June 5, 2018.
ORDERED that the appeal from the order dated June 5, 2018, is dismissed, as that order was superseded by the order dated January 7, 2019, made upon renewal and reargument; and it is further,
ORDERED that the order dated January 7, 2019, is reversed insofar as appealed from, on the law, and, upon renewal and reargument, the order dated June 5, 2018, is vacated, and that branch of the plaintiff's motion which was for summary judgment on the complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On December 31, 2009, nonparty Aurora Loan Services, LLC (hereinafter Aurora), the predecessor in interest of the defendant Nationstar Mortgage, LLC (hereinafter the defendant), commenced an action against the plaintiff to foreclose a mortgage that the plaintiff allegedly executed in favor of Aurora's predecessor in interest. Aurora elected to accelerate the entire balance of the mortgage debt in its complaint. Aurora eventually voluntarily discontinued the action without prejudice because of an unspecified "issue with the Affidavit of Merit."
On June 8, 2017, the plaintiff commenced this action pursuant to RPAPL 1501(4) against the defendant and others to cancel and discharge of record the mortgage. The plaintiff alleged, among other things, that the statute of limitations to foreclose expired because more than [*2]six years had passed since Aurora accelerated the loan. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint. In an order dated June 5, 2018, the Supreme Court denied that branch of the plaintiff's motion on the ground that Aurora's voluntary discontinuance of the foreclosure action presented a triable issue of fact as to whether it de-accelerated the mortgage debt. In an order dated January 7, 2019, the court, upon renewal and reargument, adhered to its determination denying summary judgment, finding that there were triable issues of fact as to whether Aurora de-accelerated the mortgage debt and as to whether Aurora had standing to accelerate the debt. The plaintiff appeals.
We disagree with the Supreme Court's determination, upon renewal and reargument, to adhere to its original determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Separate causes of action accrue for each unpaid installment and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Milone v US Bank N.A., 164 AD3d 145, 151; U.S. Bank N.A. v Joseph, 159 AD3d at 970). A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action (see Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632, lv granted 33 NY3d 1039). "[A] notice of de-acceleration must be 'clear and unambiguous to be valid and enforceable'" (Bank of N.Y. Mellon v Yacoob, 182 AD3d 566, 568, quoting Milone v US Bank N.A., 164 AD3d at 153).
Here, the plaintiff established that the six-year statute of limitations began to run on the entire debt with Aurora's election to accelerate the debt upon its commencement of the foreclosure action on December 31, 2009. Contrary to the Supreme Court's determination, a particular affidavit that Aurora submitted in support of its request for a voluntary discontinuance and the order rendered thereon, included in the plaintiff's motion papers, did not present a triable issue of fact as to whether Aurora de-accelerated the debt (see Bank of NY Mellon v Craig, 169 AD3d 627, 629; Freedom Mtge. Corp. v Engel, 163 AD3d at 632-633).
In opposition, the defendant failed to raise a triable issue of fact as to whether it or Aurora de-accelerated the debt within the six-year limitations period. Contrary to the defendant's contention, the letters addressed to the plaintiff dated December 24, 2014, and January 14, 2015, did not constitute a clear and unambiguous notice of de-acceleration (see Christiana Trust v Barua, 184 AD3d 140, 146; Milone v US Bank N.A., 164 AD3d at 153).
Lastly, the defendant did not argue in opposition to the plaintiff's motion for summary judgment or the plaintiff's motion for leave to renew and reargue that Aurora lacked standing to foreclose the mortgage when it elected to accelerate the debt in the foreclosure action. Consequently, the Supreme Court should not have considered the issue of Aurora's standing sua sponte and based its determination of the plaintiff's motion to renew and reargue, in part, "on a ground that was neither raised nor briefed by the parties" (Federal Natl. Mtge. Assn. v Anderson, 119 AD3d 892, 893; see Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1233-1234).
Accordingly, upon renewal and reargument, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint.
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court