Pryce v Nationstar Mtge., LLC (2021 NY Slip Op 02430)





Pryce v Nationstar Mtge., LLC


2021 NY Slip Op 02430


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-10180 ON MOTION
2019-02012
 (Index No. 4283/17)

[*1]Cassius Pryce, appellant, 
v
Nationstar Mortgage, LLC, respondent, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
Motion by the respondent, in effect, for leave to renew appeals from two orders of the Supreme Court, Orange County, dated June 5, 2018, and January 7, 2019, respectively, which were determined by decision and order of this Court dated December 9, 2020, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,
ORDERED that the branch of the motion which is, in effect, for leave to renew is granted, and, upon renewal, the decision and order of this Court dated December 9, 2020 (Pryce v Nationstar Mtge., LLC, 189 AD3d 1094), is recalled and vacated, and the following decision and order is substituted therefor:
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated June 5, 2018, and (2) an order of the same court dated January 7, 2019. The order dated June 5, 2018, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint. The order dated January 7, 2019, insofar as appealed from, upon renewal and reargument, adhered to the original determination in the order dated June 5, 2018. Justices Rivera and Brathwaite Nelson have been substituted for former Justices Leventhal and Maltese (see 22 NYCRR 1250.1[b]).
ORDERED that the appeal from the order dated June 5, 2018, is dismissed, as that order was superseded by the order dated January 7, 2019, made upon renewal and reargument; and it is further,
ORDERED that the order dated January 7, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
On December 31, 2009, nonparty Aurora Loan Services, LLC (hereinafter Aurora), the predecessor in interest of the defendant Nationstar Mortgage, LLC (hereinafter the defendant), commenced an action against the plaintiff to foreclose a mortgage that the plaintiff allegedly executed in favor of Aurora's predecessor in interest. Aurora elected to accelerate the entire balance of the mortgage debt in its complaint. Aurora eventually voluntarily discontinued the action without prejudice because of an unspecified "issue with the Affidavit of Merit."
On June 8, 2017, the plaintiff commenced this action pursuant to RPAPL 1501(4) against the defendant and others to cancel and discharge of record the mortgage. The plaintiff alleged, among other things, that the statute of limitations to foreclose expired because more than six years had passed since Aurora accelerated the loan. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint. In an order dated June 5, 2018, the Supreme Court denied that branch of the plaintiff's motion on the ground that Aurora's voluntary discontinuance of the foreclosure action presented a triable issue of fact as to whether it de-accelerated the mortgage debt. In an order dated January 7, 2019, the court, upon renewal and reargument, adhered to its determination denying summary judgment. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). Separate causes of action accrue for each unpaid installment and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003; U.S. Bank N.A. v Joseph, 159 AD3d at 970). "[W]here the maturity of the debt has been validly accelerated by the commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel,___NY3d___, 2021 NY Slip Op 01090, *2).
Here, the plaintiff established that the mortgage debt was accelerated when Aurora commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Baquero, ___AD3d___, 2021 NY Slip Op 01246 [2d Dept]). However, the plaintiff's motion papers also included a particular affidavit that Aurora submitted in support of its request for a voluntary discontinuance and the order rendered thereon. The plaintiff's evidence that the debt was accelerated by commencement of the 2009 action, which was later discontinued voluntarily, failed to demonstrate, prima facie, that an action to foreclose the subject mortgage was time-barred (see Freedom Mtge. Corp. v Engel, ___NY3d___, 2021 NY Slip Op 01090).
The plaintiff's remaining contention need not be reached in light of our determination.
Accordingly, the Supreme Court, upon renewal and reargument, properly adhered to its original determination denying that branch of the plaintiff's motion which was for summary judgment on the complaint.
MASTRO, A.P.J., RIVERA, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court